■ ANGELO DE VIVO, an Infant, by His Father and Natural Guardian, BIAGO DE VIVO, et al., Appellants, v FRANK T. WINTERS et al., Respondents. —In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Queens County, entered November 10, 1977, which is in favor of defendants and against them, upon a jury verdict. Judgment affirmed, with costs. There is evidence to support the jury's finding that the infant plaintiff was guilty of contributory negligence. We have examined the other issues raised by plaintiffs and find them to be without merit. Mollen, P. J., Damiani, Rabin and Gulotta, JJ., concur.

■ ALI HA-SIDI, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Proceeding pursuant to section 298 of the Executive Law, to review an order of the State Human Rights Appeal Board, dated July 7, 1978, which, *inter alia,* dismissed the petitioner's appeal from an order of the State Division of Human Rights dated October 25, 1977, on the ground that the complaint was barred by the Statute of Limitations. Order confirmed and petition dismissed, without costs or disbursements. Although the discriminatory conduct alleged in the instant complaint did not commence on June 12, 1975 when petitioner received his notice of termination, the complaint is nevertheless time barred by the one-year Statute of Limitations (see Executive Law, § 297, subd 5). A review of the record discloses that in a letter dated March 16, 1976 the petitioner complained that the respondent union had refused to file formal grievances on his behalf or to provide representation for him, that he had been forced to retain his own attorney, that it was "especially apparent" that he had not been properly represented by either the union or the respondent Nassau County Civil Service Commission (Commission) and that if immediate action were not taken in his behalf by the union and the Commission, he would be forced to ask his attorney "to take the appropriate court action". The date of this letter antedates by eight days the date of the filing of petitioner's prior complaint against his former employer. The instant complaint against the union and the Commission was not filed until June 30, 1977. We have considered petitioner's other arguments and they do not warrant an annulment of the determination. Damiani, J. P., Titone, Suozzi and Rabin, JJ., concur.